Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **JAMES FENNELL**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05CV00045 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **TOWN OF POCAHONTAS,** | ) | By: James P. Jones |
| **VIRGINIA, ET AL.,** | ) | Chief United States District Judge |
| | ) | |
| Defendants. | ) | |

*James Fennell, Plaintiff Pro Se; W. Bradford Stallard and Cameron S. Bell, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendants.*

In this action, the plaintiff, a former employee of the Town of Pocahontas, Virginia, claims that he was unlawfully demoted and then fired from his position as a police sergeant. The defendants have moved for summary judgment as to all claims. After consideration of the pertinent law and the facts as developed by the parties, I find there are no genuine issues of material fact with regard to any of the claims advanced by the plaintiff, and I grant the defendants' request for summary judgment.

On June 3, 2005, the plaintiff, a resident of Virginia, filed this action pro se

asserting five claims against the Town of Pocahontas, Virginia ("Town") and Town

Treasurer Greg Jones. Jurisdiction is based on the existence of a federal question.

*See* 28 U.S.C.A. § 1331 (West 1993). The plaintiff alleges that the defendants

violated his right to due process, gave false testimony at hearings before the Virginia

Employment Commission ("Commission"), committed slander, and fired him in

retaliation for his attempts to use the grievance procedure, among other claims. He

requests relief in the form of reinstatement to the rank of sergeant with all vacation

and seniority he would have accumulated had he not been fired, compensatory

damages in the amount of $250,000, and punitive damages in excess of $500,000.

The parties have briefed the issues and the defendants' motion for summary judgment

is now ripe for decision.[1]

The facts, either uncontradicted or viewed in the light most favorable to the

plaintiff on the summary judgment record, are as follows.

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

The Town hired the plaintiff on July 27, 2002, and in August of that year promoted him to the rank of sergeant in its police department. In February 2003, less than one month after the end of his probationary period, the plaintiff was injured in the line of duty. While he was out of work, the police advisory board scheduled a meeting with the plaintiff and demoted him.

The plaintiff attempted to use the Town's employee grievance procedure by making a verbal complaint to the town manager. He followed that complaint with a written request for a reply. When he received no answer, he asked in writing for a grievance hearing in front of the personnel committee. When the plaintiff still received no answer, he sent a certified letter to the mayor with his requests. On May 30, 2003, the personnel committee met with the plaintiff and, at the end of that meeting, fired him without any explanation for its action.

After he was fired, the plaintiff again attempted to use the grievance procedure by making a verbal complaint with Sergeant Rose, and sending a written letter of grievance to the mayor. When the plaintiff received no answer from either Sergeant Rose or the mayor, he send another letter to the mayor. There was no response to that letter.

At the beginning of June 2003, the Commission granted the plaintiff a telephone hearing. During that hearing, the mayor stated that the plaintiff was fired

because the Commonwealth's attorney had received a complaint about him and launched an investigation. The Commission determined that this did not constitute proper grounds for the plaintiff's dismissal. During an appeal hearing, Town Treasurer Greg Jones stated that the plaintiff was fired for failing to turn in required reports to the state, and for failing to attend a court hearing. Jones further stated that the plaintiff had killed Eric Wills, a Town resident. The plaintiff asserts that Jones lied during the hearing in "a blatant, and vicious, malicious slander tactic campaign against [the plaintiff] to keep him from receiving his unemployment and possibly attempting to keep [the plaintiff] from obtaining any type of job." (Pl.'s Compl. at Count 4 ¶ 1.) The Commission determined that Jones' reasons did not constitute proper grounds for the plaintiff's dismissal.

After the plaintiff was fired, the Town still required him to go to court in outstanding cases. The plaintiff submitted a bill to Greg Jones for the time spent at these court proceedings, but never received reimbursement for his work. After complaining, he was eventually paid for some, but not all, of his court appearances.

In a previous action, the plaintiff sued the Town in state court requesting reinstatement to his position, back pay, and attorney's fees. He was represented by counsel in that suit. (Pl.'s Resp. at 1.) On May 5, 2004, the state court granted the defendants' Motion to Dismiss and Plea of Failure to Exhaust Administrative Remedies.

- 4 -

The defendants move for summary judgment against the plaintiff on the grounds that the plaintiff's claims are barred by res judicata or are otherwise unsupported and without merit.

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *see* Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Ross v. Commc'ns Satellite Corp.,* 759 F.2d 355, 364 (4th Cir. 1985), *overruled on other grounds*, *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Id.* at 327. It is the "affirmative obligation of the trial judge to prevent

factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotation marks omitted).

As an initial matter, the defendants argue that their motion should be granted because the plaintiff failed to file any response to the motion within the time period specified in his *Roseboro*[2] notice. The plaintiff was six days late filing his response. Nonetheless, I will exercise my discretion and consider his arguments. The plaintiff is proceeding pro se and is unfamiliar with the complexities of federal litigation, the defendants were not prejudiced by the untimely filing, and the six-day delay does not significantly impact the judicial proceedings.

A

The defendants argue that the plaintiff's claims in Count One, Count Two, and that portion of Count Five related to the grievance procedure are precluded by res judicata. They contend that the plaintiff could have brought each of these claims in state court, but because he did not, he is now precluded from doing so in this court. I agree with the defendants and reject the plaintiff's claim that he did not have a full and fair opportunity to litigate the issues decided by the state court.

A statute requires federal courts to give full faith and credit to valid state court judgments. 28 U.S.C.A. § 1738 (West 1994); *In re Genesys Data Techs., Inc.*, 204

---

[2] *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

Case 1:05-cv-00045-JPJ   Document 15   Filed 09/02/05   Page 6 of 14   Pageid#: 129

F.3d 124, 127 (4th Cir. 2000). In doing so, a federal court must "'refer to the preclusion law of the State in which judgment was rendered.'" *Id*. (quoting *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)). Section 1738 sets forth a two-step process to determine the preclusive effect of a state court judgment in a given case. *Id*. at 128. First, the federal court asks whether state law would bar relitigation of an issue or claim decided in the earlier proceeding. *Id*. If the answer to that question is "no," the inquiry ends and the issue or claim has no preclusive effect in the federal court, either; if "yes," the federal court then asks whether any exception applies under § 1738 that would nonetheless allow the court to hear the issue or claim in question. In this case, I find that Virginia law would preclude the plaintiff's claims and no exception applies under § 1738.

In Virginia, res judicata precludes claims that could have been brought in a prior suit, even if they were not actually asserted. *Flora, Flora & Montague, Inc. v. Saunders*, 367 S.E.2d 493, 495 (Va. 1988). A corollary rule forbids "claim-splitting," by which successive suits are brought on the same cause of action and "where each suit addresses only a part of the claim." *Bill Greever Corp. v. Tazewell Nat'l Bank*, 504 S.E.2d 854, 856 (Va. 1998). This rule protects defendants from multiple lawsuits, ensuring that "'[n]o one [is] twice vexed for one and the same cause.'" *Flora*, 367 S.E.2d at 495 (quoting *Jones v. Morris Plan Bank*, 191 S.E. 608, 610 (Va.

Case 1:05-cv-00045-JPJ   Document 15   Filed 09/02/05   Page 7 of 14   Pageid#: 130

1937)).  The "principal test" used by Virginia courts to determine whether claims are

a part of the same cause of action, and therefore would constitute "claim-splitting"

if not tried together, is whether the same evidence will support both claims.  *Id.* at

495-96 (internal citations omitted).[3]

In the state court, the plaintiff asserted two claims under Virginia Code § 15.2-

1507 as a result of the defendants' alleged failure to follow their grievance policy.[4]

(Defs.' Mot. Summ. J. at Ex. 1.)  The plaintiff would have supported these claims in

---

[3]  There is no dispute over the other required elements for the application of res
judicata:  (1) the parties involved in the two actions must be the same, and (2) the first action
must have been decided on the merits by a court of competent jurisdiction.  *See Wright v.
Wright*, 178 S.E. 884, 886-87 (Va. 1936).

[4]  The applicable portions of the statute provide:

a.  After the initial filing of a written grievance, failure of either party to
comply with all substantial procedural requirements of the grievance
procedure . . . without just cause shall result in a decision in favor of the other
party on any grievable issue, provided the party not in compliance fails to
correct the noncompliance within five workdays of receipt of written
notification by the other party of the compliance violation.  Such written
notification by the grievant shall be made to the chief administrative officer,
or his designee.

b.  The chief administrative officer, or his designee, at his option, may require
a clear written explanation of the basis for just cause extensions or exceptions.
The chief administrative officer, or his designee, shall determine compliance
issues.  Compliance determinations made by the chief administrative officer
shall be subject to judicial review by filing petition with the circuit court
within 30 days of the compliance determination.

Va. Code Ann. § 15.2-1507(A)(7)(a)-(b) (Michie 2003 & Supp. 2005).

Case 1:05-cv-00045-JPJ   Document 15   Filed 09/02/05   Page 8 of 14   Pageid#: 131

state court with evidence relating to his efforts to use the grievance procedure and the Town's response. This is the same evidence he uses to support his current due process claims and a portion of his claim for punitive damages. It is true that the plaintiff's federal complaint has a more detailed description about these matters than did his state complaint, but the basic facts remain the same. Applying Virginia's claim-splitting rule as § 1738 requires, I conclude that the plaintiff had just one cause of action relating to the defendants' alleged violations of the grievance procedure, and could therefore maintain only one suit to remedy those violations.

The plaintiff contends that Virginia law would not bar his claims because he did not have a full and fair opportunity to litigate them. The plaintiff argues that there were issues his former counsel failed to raise. A party is denied a "full and fair opportunity" to litigate a claim when, for instance, the state proceedings fail to satisfy the procedural requirements of the Fourteenth Amendment's Due Process Clause, *see Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481 (1982), or when the party against whom res judicata is asserted was neither a party to, nor in privity with, any party involved in the state court proceeding, *see Comite de Apoyo a los Trabajadores Agricolas (CATA) v. U.S. Dep't of Labor*, 995 F.2d 510, 514 (4th Cir. 1993). Counsel's failure to raise a claim during previous litigation does not constitute an exception to the doctrine of res judicata. *Turner v. United States*, 553 F. Supp. 347,

349 (W.D. Va. 1982) (stating "[i]t makes no difference" in the res judicata analysis

that plaintiff's attorney allegedly failed to raise the issue in question).  The plaintiff

was represented by counsel in the state proceedings, and each of the facts pled in the

federal complaint was available to the plaintiff at the time he filed his state action.

The plaintiff filed in state court on July 31, 2003, two months after the latest event

mentioned in the related portions of his federal complaint.  Accordingly, the

defendants' motion for summary judgment is granted as to Counts One, Two, and that

portion of Count Five relating to the grievance procedure.

B

Next, the defendants argue that Counts Three and Four fail to state any

compensable claim.  In those counts, the plaintiff contends that Jones lied during

hearings before the Commission and that the Town knowingly allowed Jones to do

so.  The plaintiff alleges perjury, slander, and an unlawful attempt to deprive him of

his right to unemployment benefits under the Fourteenth Amendment.  For the

following reasons, I find that these allegations do not state a claim.[5]

The plaintiff characterizes Count Three as a cause of action for "a violation of

---

[5]  To the extent that the plaintiff asserts purely state law claims under the court's
supplemental jurisdiction, *see* 28 U.S.C.A. § 1367(a) (West 1993), I will exercise my
discretion to determine them, in view of the needs of judicial economy.  *See Shanaghan v.
Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (stating that district courts enjoy "wide latitude"
when deciding whether to exercise supplemental jurisdiction).

- 10 -

PERJURY." (Pl.'s Compl. at Count 3-4.) Perjury is a crime and does not give rise to a civil cause of action. *See Griffiths v. Siemens Auto., L.P.*, Nos. 92-2118, 93-1071, 93-1350, 1994 WL 645433, at *2 (4th Cir. Nov. 16, 1994) (unpublished) (there is no civil cause of action for subornation of perjury); *see also Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002) ("[P]erjury . . . [is a] crime[] and therefore do[es] not give rise to [a] civil cause[] of action.").

Count Four is stated as a claim for slander. Any statements made by the Town or Jones to the Commission are protected by statute and cannot serve as the basis for a defamation suit. "In Virginia, words spoken or written in a judicial proceeding are absolutely privileged provided the words are relevant to the subject matter of the proceeding." *Shabazz v. PYA Monarch, LLC*, 271 F. Supp. 2d 797, 803 (E.D. Va. 2003) (citing *Darnell v. Davis*, 58 S.E.2d 68 (Va. 1950)). This rule applies to proceedings before the Commission, *id.* at 803 n.3, 804, making the defendants' statements to the Commission in this case absolutely privileged.

Count Four is also characterized as a violation of the Fourteenth Amendment "for attempting to deprive [the plaintiff] of his unemployment benefits." (Pl.'s Compl. at Count 4.) In order to state a claim, the plaintiff must have been deprived of a protected liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). The defendants argue that the plaintiff had no protected

- 11 -

property interest in his employment as a police officer. However, in this count the plaintiff does not claim that he was deprived of his interest in his employment; rather, he asserts that he was deprived of unemployment benefits. "The Virginia Supreme Court has never ruled on whether the right to unemployment benefits is a property interest," but it has assumed, as has a judge in this district, that such an interest does exist. *See Brewer v. Cantrell*, 622 F. Supp. 1320, 1327 (W.D. Va. 1985) (Williams, J.) (citing *Klimko v. Va. Employment Comm'n*, 222 S.E.2d 559 (Va. 1976)).

The dispositive issue relates not to the nature of the plaintiff's property interest, but to the fact that the plaintiff does not appear to have been deprived of that interest. The plaintiff's complaint alleges that the defendants were "attempting" to deprive him of unemployment benefits, and states that despite the defendants' "slander tactic campaign," the Commission found in the plaintiff's favor. (*See* Pl.'s Compl. at Count 3 ¶ 2 ("The employment office then still upheld [the plaintiff]'s unemployment rights stating that this was no right to fire [him]").) The defendants' false statement had no effect on the Commission's decision. It is for this reason that the plaintiff has failed to state a claim under the Fourteenth Amendment.[6]

---

[6] Even if the defendants' statements had cost the plaintiff his unemployment benefits, the plaintiff still would not have a procedural due process claim under the Fourteenth Amendment. The plaintiff was afforded due process—he received two hearings before the Commission. (*See* Pl.'s Compl. at Counts 3 and 4.) If the plaintiff is arguing that the defendants' statements undermined those hearings, his claim would be for fraud, which I discuss infra.

- 12 -

Liberally construing the plaintiff's pro se complaint, he may have intended

Counts Three and Four to allege fraud. If Jones or other Town representatives did lie

during the Commission hearing, that perjury would constitute intrinsic fraud. *Jones*

*v. Willard*, 299 S.E.2d 504, 508 (Va. 1983). Virginia law is clear that if a

Commission decision is procured by intrinsic fraud, that decision must be attacked

before it becomes final. *See Robinson v. Va. Employment Comm'n*, 1993 WL

946200, *1 (Va. Cir. Ct. 1993) (citing Va. Code Ann. § 60.2-622(B)(1) (decision

becomes final ten days after notification or mailing)). The plaintiff did not file this

claim until almost two years after the last Commission hearing. Therefore, even if the

plaintiff did intend to allege fraud, rather than perjury, slander, or due process

violations, he still has failed to state a claim. Accordingly, the defendants' motion

for summary judgment will be granted as to the plaintiff's claims under Counts Three

and Four.

C

The only remaining claim is that portion of Count Five which relates to the

defendants' alleged failure to compensate the plaintiff for time spent representing the

Town in court after he was terminated. The defendants have submitted a payroll

register, time sheets, and copies of payroll checks establishing that the plaintiff was

in fact paid for the time he spent in court. This evidence shows that the plaintiff

- 13 -

received a salary advance prior to being fired and that that advance had not yet been exhausted at the time the plaintiff made his first four appearances in court. (*See* Jones Decl. ¶ 3; Payroll Register.) The plaintiff has offered no further argument on or response to this issue. Because I find that there is no genuine issue of material fact as to this matter, that portion of the defendants' motion for summary judgment on Count Five not previously decided in their favor is now granted.

### D

The defendants raise several other arguments that have not been discussed. They argue that Greg Jones is not a proper party to this action; the plaintiff's claims are barred by the statute of limitations; the plaintiff had no protected property interest in his public employment; the plaintiff has failed to state any claim for pay or wrongful discharge; and punitive damages are not available. Because I have ruled in the defendants' favor on each count on other grounds, I will not address these remaining arguments.

### III

For the foregoing reasons, the defendants' Motion for Summary Judgment will be granted and final judgment entered in their favor.

DATED: September 2, 2005

/s/ JAMES P. JONES
Chief United States District Judge